Jackson v. State.

JACKSON v. STATE.

(*Jackson.* May 16, 1898.)

NATIONAL GUARD. *Exemption from road duty.*

Members of the National Guard of this State are exempt from road service during the entire term of enlistment, whether engaged in active or field service or not.

Acts construed: Acts 1897, Ch. 112.

FROM SHELBY.

Appeal in error from Criminal Court of Shelby County. L. P. COOPER, J.

GEO. L. HARRIS for Jackson.

Attorney-general PICKLE for State.

BEARD, J. The plaintiff in error was a member of the National Guard of this State, and while such was called upon to discharge road duty. Refusing to do this, he was indicted, convicted, and fined for this refusal. The trial Judge declined to give the plaintiff in error the benefit of the statutory exemption. The right to exemption set up in this case

rests on Sec. 5, Ch. 112, Acts 1897, and is in these words: "*Be it further enacted*, That service in the National Guard shall be accepted in lieu of all road duty, poll taxes, and jury duty while actually in the military service of the State."

While the phraseology of this section is not so fortunate as it might be, yet we think it clear, especially when the entire Act and that of which it is amendatory is considered, it was the purpose of the Legislature, by this provision, to give the benefit of this exemption to members of the National Guard during the term of their enlistment, whether engaged in active or field service or not.

The Act in question is entitled "An Act to reorganize the National Guard of the State of Tennessee, and to increase its efficiency, and so amend Chapter 159, Acts 1897, entitled 'An Act to reorganize the militia of the State of Tennessee, and for the government of the same,'" and its provisions all look to the placing of the troops composing the guard in a condition where the best results might be obtained when real service should be required. To encourage enlistment in this organization, and to give some recompense to those who become its members and submit themselves to its discipline and give of their time to military training, we think the Legislature provided this exemption.

The members of the guard are actually in the military service of the State during their term of enlistment, subject to the order of their superiors, and

liable to be called upon at any moment to perform the active work of soldiers.

If it be true that this section exempts them from the necessity of doing road or jury duty only while in the field as such, it is evident that so far as these duties, at least, are concerned, it would be without practical value, for, while actively engaged in military service they could not well perform their civil duties, and it would hardly require the aid of a statute to exempt them from their discharge.

It follows that the judgment of the lower Court must be reversed, and the case having been tried by the Judge of that Court without the intervention of a jury, an order of dismissal of the prosecution will be entered here.